IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

TPI HOLDINGS, INC.                          )
                                            )
          Plaintiff,                        )
                                            )       Civil Action No. 3:06 cv 242/mcr/m D
v.                                          )
                                            )
ADAM PEHRSON, individually and              )
d/b/a BOATTRADERS.COM                       )
                                            )
          Defendant.                        )

## COMPLAINT

Plaintiff TPI Holdings, Inc. ("TPI Holdings" or "Plaintiff") states the

following for its complaint against Adam Pehrson individually and doing business as

BoatTraders.com ("Defendant"):

### Nature of the Action

1.        This is an action at law and in equity for trademark infringement, injury

to business reputation, unfair competition, deceptive trade practices, and false designation of

origin, arising under the Trademark Act of 1946, 15 U.S.C. §§ 1051 et seq. (1994) ("Lanham

Act"); unfair and deceptive trade practices, arising under F.S.A. § 495 et seq.; and

cybersquatting and bad faith intent to profit from Plaintiff's distinctive registered trademarks,

arising under the Anticybersquatting Consumer Protection Act, 15 U.S.C. § and the

common law.

OFFICE OF CLERK
U.S. DISTRICT CT.
NORTHERN DIST. FLA.
PENSACOLA, FLA.

06 JUN -1 PH 4: 14

FILED

## JURISDICTION AND VENUE

2.     This Court has subject matter jurisdiction under Section 39 of the
Lanham Act, 15 U.S.C. § 1221, and under 28 U.S.C. §§ 1331 and 1338.  This Court has
jurisdiction over Plaintiff's related state and common-law claims pursuant to 28 U.S.C. §§
1338 and 1367.

3.     Personal jurisdiction and venue are proper in this judicial district
pursuant to 28 U.S.C. § 1391, in that a substantial part of the events giving rise to this
trademark infringement complaint occurred in this district because Defendant has caused
consumer confusion in this district.

## THE PARTIES

4.     Plaintiff TPI Holdings, Inc., is a corporation organized and existing
under the laws of the State of Delaware, with its principal place of business at 1400 Lake
Hearn Drive, N.E., Atlanta, Georgia 30319.

5.     On information and belief, Defendant, Adam Pehrson, resides at 3704
Mary Ellen NE, Albuquerque, New Mexico 87111.  Defendant is soliciting consumers in this
judicial district and is doing business in this judicial district through his website
Boattraders.com.

## FACTS COMMON TO ALL COUNTS

6.     The allegations of Paragraphs 1 through 5 are repleaded and
incorporated by reference as if fully set forth herein.

7.     TPI Holdings, Inc., together with its affiliate Trader Publishing
Company ("Trader") is the owner of a family of TRADER trademarks, consisting of the

2

formative TRADER coupled with a vehicle name, including the trademarks BOAT
TRADER® and BOAT TRADERONLINE.COM® ("BOAT TRADER Marks"). Trader's
family of marks also includes YACHT TRADER®, AUTO TRADER®, CYCLE
TRADER®, and RV TRADER®, among others. TPI Holdings and Trader have used the
BOAT TRADER® mark for thirty years in connection with periodic magazines advertising
boats sold by independent dealer/brokers. Plaintiff, its predecessors, affiliates, and licensees
have used the BOAT TRADER® mark continuously since that time in connection with print
publications that provide advertising and information about boats and goods and services related
to the same. These publications are distributed throughout the United States. A true and correct
copy of the front cover of a BOAT TRADER magazine is attached as **Exhibit A**.

      8.     Since at least as early as September 1996, Plaintiff has also used the
BOAT TRADER® Marks in connection with providing information via a global computer
network relating to boats for sale and related information. As of July 2005, visitor traffic to
the websites provided in connection with the BOAT TRADER® Marks totaled over 2.2
million visitors, with more than 9 million searches conducted and over 26 million page
views. A true and correct copy of the homepage of Plaintiff's website showing services
provided in connection with the BOAT TRADER® Marks is attached as **Exhibit B**.

      9.     TPI Holdings owns Federal Registration No. 1,208,249, issued on
September 14, 1982 for the mark BOAT TRADER® to identify "periodic magazines," in
International Class 16; Federal Registration No. 2,389,118 issued on September 26, 2000 for
the mark BOAT TRADER® to identify "advertising services, namely preparing and
disseminating advertising for others via an online electronic communications network; computer

3

services, namely providing multiple user access to computer networks for the transfer and dissemination of a wide range of information; providing a wide range of information via an online electronic communications network," in International Classes 35 and 42; and Federal Registration No. 2,873,930, issued on August 17, 2004 for the mark BOAT TRADERONLINE.COM to identify "advertising services, namely, preparing and disseminating advertising for others via an online electronic communications network" in International Class 35. True and correct copies of these registrations are attached as **Exhibit C**.

10.     Throughout its business operations and in its advertising materials and promotional literature, including its websites located at <www.boattrader.com> and <www.boattraderonline.com>, TPI Holdings, through its related companies, predecessors, affiliates and licensees, uses the BOAT TRADER® Marks in connection with its full array of goods and services. These goods and services include printed publications featuring display and classified advertising of boats for sale; online advertisements and photographs of boats for sale, including new, wholesale, clearance and damaged boats; listings of watercraft parts and accessories; searching functionality for marine surveyors by geographic location; information on the value of individual boats; and more. True and correct copies of website printouts and printed publications displaying these features are attached as **Exhibit D**.

11.     TPI Holdings, through its related companies, predecessors, affiliates and licensees, has been using the BOAT TRADER® mark in interstate commerce since at least as early as 1976 and has, by virtue of its continuous use of the mark since that date, established strong common law rights in and to the mark in connection with its full array of goods and services.

4

12.     TPI Holdings' BOAT TRADER® Marks therefore enjoy extensive good will and consumer recognition built up through substantial sales, advertising and promotion.

## DEFENDANT'S UNLAWFUL ACTIVITIES

13.     On information and belief, on or about August 1998, Defendant, through its owner, Adam Pehrson, registered the domain name <boattraders.com>.

14.     Sometime thereafter, Defendant began operating a website that referred to the Defendant as "Boat Traders of New Mexico," and offered sales of new or used boats in its own inventory, accepting trade-ins and offering boat delivery services to purchasers. See copies of website printout, attached as **Exhibit E**.

15.     On information and belief, Defendant ceased operating any business using the domain name <boattraders.com> on or about December 2001, and offered the domain name for sale to any interested purchaser at that time, either by emailing Mr. Pehrson at AdamP@hubwest.com, or calling a local Albuquerque, New Mexico phone number, as shown in **Exhibit F**.

16.     On information and belief, sometime later, Defendant launched a new website under the domain name, on which he offered classified and display advertising of boats owned by third parties, just as Plaintiff offers in its publications and websites. See copies of Defendant's website, attached as **Exhibit G**.

17.     Recently, Defendant began sending letters and brochures soliciting business in the state of Florida under the Boattraders.com name. Attached as **Exhibit H** are

5

true and correct copies of sample letters, business cards and brochures sent by Defendant to solicit business in Florida.

18.    Defendant's marketing activities include, but are not limited to, distributing business cards and mailing letters and fliers directly to Plaintiff's customers, advertising a new "Preferred Dealer/Broker Program" for listing inventory items on the <boattraders.com> website, as well as web design and website hosting services for such customers. These mailings under the name BOAT TRADERS have deceived, confused, and misled Plaintiff's customers into believing that the mailings originated with Plaintiff. Indeed, Plaintiff learned of Defendant's activities because certain customers of Plaintiff's in Florida contacted Plaintiff about Defendant's solicitations

19.    Defendant's use of the BOATTRADERS.COM name and mark on the <www.boattraders.com> website, and Defendant's marketing of services virtually identical to the type services offered by Plaintiff under the name and mark BOAT TRADERS have deceived, confused, and misled Plaintiff's customers into believing that the company operating the website at <www.boattraders.com> is affiliated with, sponsored by, or otherwise connected to Plaintiff's company and related websites, on which they have depended for services integral to their business as brokers of boats, or customers interested in purchasing boats.

20.    In view of the similarity between the federally registered BOAT TRADER® Marks and Defendant's website using the domain name <boattraders.com>, all uses of the BOATTRADERS.COM mark and name are likely to cause confusion, mistake and deception in the marketplace.

6

21.    Defendant's activities throughout the United States and in this judicial district have and will continue to inflict irreparable harm to the goodwill symbolized by the BOAT TRADER® and BOAT TRADERONLINE.COM names and marks and to the reputation TPI Holdings and its related companies, predecessors, affiliates and licensees have established in its industry over its thirty years of business; and to deceive and confuse the customers of TPI Holdings and its related companies, predecessors, affiliates and licensees. Defendant's activities have created, and are creating, a substantial likelihood of confusion as to the origin, sponsorship, approval and quality of the products and services Plaintiff provides; and have infringed upon Plaintiff's rights in its names and marks, including trademark and service mark rights.

22.    Plaintiff's counsel wrote to Defendant respecting Plaintiff's rights in its BOAT TRADER Marks on January 31, 2006. A copy of that correspondence is attached as **Exhibit I**. Defendant has refused to cease his infringing activities, instead contending that his use of BOATTRADERS.COM is descriptive. Given that Defendant is not a trader of boats, but rather is a provider of classified advertising services, his use is not descriptive of his services. Moreover, as Defendant is using BOAT TRADERS as a mark in an attention-getting and source identifying manner, and not in running text to describe his business, his use is not a fair use.

### FIRST CLAIM FOR RELIEF

### (Federally Registered Trademark Infringement)

23.    The allegations of Paragraphs 1 through 22 inclusive are repleaded and incorporated by reference as if fully set forth herein.

24.     Defendant's unauthorized use of the confusingly-similar
BOATTRADERS.COM mark in connection with directly competing or related goods and
services infringes Plaintiff's BOAT TRADER® Marks in violation of Section 35 of the
Lanham Act, 15 U.S.C. § 1114.

25.     Defendant's use of the confusingly-similar BOATTRADERS.COM
mark in connection with the activities alleged above has created and continues to create
actual confusion and a likelihood of confusion, mistake, and/or deception as to the affiliation,
connection, association, origin, sponsorship, approval, commercial activities, nature,
characteristics, and qualities of Defendant's goods and services relative to Plaintiff's goods
and services.

26.     Because of Defendant's unlawful actions, Plaintiff has suffered and
continues to suffer irreparable harm including, but not limited to, detriment and diminution
in value of its BOAT TRADER® Marks, for which there is no adequate remedy at law.
Accordingly, Plaintiff is entitled to an injunction against Defendant, pursuant to 15 U.S.C.
§ 1116.

27.     Plaintiff has also suffered and continues to suffer injury and is entitled
to recover all damages sustained by Defendant's actions, all profits realized, and costs of
suit, pursuant to 15 U.S.C. § 1117.

28.     Given that Defendant's actions were willful, deliberate, and fraudulent,
Plaintiff is entitled to treble damages and an award of reasonable attorney's fees against
Defendant, pursuant to 15 U.S.C. § 1117.

## SECOND CLAIM FOR RELIEF

### (Federal Unfair Competition)

29.     The allegations of Paragraphs 1 through 22 inclusive are repleaded and incorporated by reference as if fully set forth herein.

30.     Defendant's infringing use of the BOATTRADERS.COM name and mark constitutes unfair competition in violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125(a), in that the public has been and will continue to be confused, mistaken, and/or deceived as to the origin, nature, quality and characteristics of Defendant's goods and services relative to Plaintiff's goods and services.

31.     Because of Defendant's unlawful actions, Plaintiff has suffered and continues to suffer irreparable harm including, but not limited to, detriment and diminution in value of the BOAT TRADER® Marks, for which there is no adequate remedy at law. Accordingly, Plaintiff is entitled to an injunction against Defendant.

32.     Plaintiff also has suffered and continues to suffer injury and is entitled to recover all damages sustained by Defendant's actions, all profits realized, and costs of suit.

33.     Defendant's actions have been willful, deliberate, and fraudulent, and therefore Plaintiff is entitled to treble damages and an award of reasonable attorney's fees against Defendant.

## THIRD CLAIM FOR RELIEF

### (False Designation of Origin)

34.    The allegations of Paragraphs 1 through 22 inclusive are repleaded and incorporated by reference as if fully set forth herein.

35.    Defendant's unauthorized use of the confusingly-similar BOATTRADERS.COM mark constitutes a false designation of origin in violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125.

36.    Defendant's use of the confusingly-similar BOATTRADERS.COM mark in connection with the activities alleged above has caused and will continue to cause confusion and mistake and to deceive customers as to the source, sponsorship or affiliation of such services. Because of such use, Plaintiff's customers believe and/or are likely to believe that Defendant's website and other activities are affiliated with, sponsored by, or otherwise connected to Plaintiff and its related entities, or that Defendant's <boattraders.com> website is a substitute or replacement for Plaintiff's established <boattrader.com> website.

37.    On information and belief, Defendant's conduct described above was intentionally devised to trade on and benefit from the substantial reputation and goodwill associated with Plaintiff's BOAT TRADER® Marks. Upon information and belief, with full awareness of the prior rights of TPI Holdings in and to the BOAT TRADER® Marks, Defendant selected the confusingly-similar BOATTRADERS.COM mark to give his business the air of legitimacy that he would not have otherwise have been able to craft.

38.    Defendant's intentional, willful, and malicious intent to trade on the goodwill associated with Plaintiff's names and marks has damaged Plaintiff greatly and

irreparably in that Plaintiff has been deprived of the opportunity to earn future sales and profits, and has suffered damage to its reputation and customer goodwill as a direct and proximate result of the unlawful conduct of Defendant. Defendant has been unjustly enriched by reason of his unlawful conduct and has thereby been able to divert income rightfully belonging to Plaintiff.

39.     Defendant's false designation of origin also has caused and will continue to cause irreparable and inherently unquantifiable injury and harm to Plaintiff's business, reputation and goodwill unless such activity by Defendants is enjoined.

## FOURTH CLAIM FOR RELIEF

### (Violation of the Anticybersquatting Consumer Protection Act)

40.     The allegations of Paragraphs 1 through 22 inclusive are repleaded and incorporated by reference as if fully set forth herein.

41.     Defendant's registration of the <boattraders.com> domain name and operation of a website in connection with it that is competing and substantially similar to Plaintiff's website constitutes a bad faith intent to profit from Plaintiff's registered BOAT TRADER® Marks under the federal Anticyberquatting Consumer Protection Act, 15 U.S.C. §1125(d) ("the ACPA").

42.     Because of Defendant's unlawful actions, Plaintiff has suffered and continues to suffer irreparable harm including, but not limited to, detriment and diminution in value, effectiveness, and quality of the BOAT TRADER® Marks, for which there is no adequate remedy at law. Accordingly, Plaintiff is entitled to an injunction against Defendant.

11

43.     Plaintiff also has suffered and continues to suffer injury and is entitled to recover statutory or other damages under the ACPA.

44.     Defendant's actions have been willful, deliberate, and fraudulent, and therefore Plaintiff is entitled to an award of reasonable attorney's fees against Defendant.

### FIFTH CLAIM FOR RELIEF

### (Common Law Trademark Infringement)

45.     The allegations of Paragraphs 1 through 22 inclusive are repleaded and incorporated by reference as if fully set forth herein.

46.     By his unauthorized use of the confusingly-similar BOATTRADERS.COM mark, Defendant has infringed Plaintiff's BOAT TRADER® Marks under the common law of the State of Florida.

47.     Defendant's intentional, willful, and malicious intent to trade on the goodwill associated with Plaintiff's marks has damaged Plaintiff greatly and irreparably in that Plaintiff has been deprived of the opportunity to earn future sales and profits, and has suffered damage to its reputation and customer goodwill as a direct and proximate result of the infringing activities of Defendant.  Defendant has been unjustly enriched by reason of his trademark infringement.

48.     Defendant's acts as alleged herein were willful or wanton in nature, demonstrating a willful disregard for Plaintiff's trademark rights, and committed with knowledge that such mark was intended to be used to cause confusion or mistake, or to deceive.  Such willful and wanton conduct is related to the injuries Plaintiff has suffered, justifying an award of punitive damages pursuant to F.S.A. § 495.131.

12

49.     Defendant's trademark infringement has caused and will continue to cause irreparable and inherently unquantifiable injury and harm to Plaintiff's business, reputation and goodwill unless such activity by Defendants is enjoined.

### SIXTH CLAIM FOR RELIEF

### (Injury to Business Reputation under F.S.A. § 495.151)

50.     The allegations of Paragraphs 1 through 22 inclusive are repleaded and incorporated by reference as if fully set forth herein.

51.     Defendant's conduct alleged herein is in commerce and affects commerce in the State of Florida.

52.     Defendant's use of the similar mark BOATTRADERS.COM as described above constitutes unfair methods of competition and unfair and deceptive acts and practices, such that there exists a likelihood of injury to Plaintiff's business reputation, in violation of F.S.A. § 495.151.

53.     Plaintiff has been damaged greatly and irreparably by reason of Defendant's unfair methods of competition and its unfair and deceptive trade practices, in that Plaintiff has been deprived of the opportunity to earn future sales and profits, and has suffered damage to its reputation and customer goodwill as a direct and proximate result of the unlawful conduct of Defendant. In addition, Defendant has been unjustly enriched by reason of his unfair methods of competition and unfair and deceptive trade practices in that he has deceived Plaintiff's customers and potential customers.

54.     Defendant's unfair methods of competition, and unfair and deceptive trade practices, also have caused and will continue to cause irreparable and inherently

unquantifiable injury and harm to Plaintiff's business, reputation and goodwill unless such activity by Defendant is enjoined.

## PRAYER FOR RELIEF

WHEREFORE, TPI Holdings prays the Court as follows:

1.      That Defendant, and his respective affiliates, officers, agents, servants, employees, attorneys and those persons in active concert or participation with him, be permanently restrained and enjoined from any and all further unauthorized use of the designation BOATTRADERS.COM or any other trademark, service mark, name, logo, design or source designation of any kind on or in connection with Defendant's purported goods and services that is likely to cause confusion, mistake, deception, or public misunderstanding that such goods or services are produced or provided by TPI Holdings, or are sponsored or authorized by or in any way connected or related to TPI Holdings.

2.      That TPI Holdings have and recover of Defendant monetary damages consistent with the Lanham Act and any applicable state law, including without limitation, monetary damages, defendant's profits or other financial benefits from its infringement corrective advertising, reasonable royalty for use of TPI Holdings' marks, general reputation and good will damages, and TPI Holdings' lost profits, all in amounts to be determined at trial, and to be trebled because of Defendant's willful and deliberate activities described herein;

3.      That Defendant be ordered to transfer the <boattraders.com> domain name to TPI Holdings, pay Plaintiff statutory damages of $100,000 or other damages under

14

the ACPA, and that Plaintiff be granted all available remedies under applicable domain name
laws and procedures;

    4.    That Plaintiff be awarded its reasonable attorney's fees;

    5.    That the costs of this action be taxed against Defendant;

    6.    That the Court grant such other and further relief as it may deem just

and proper.

This the 1st day of June, 2006.

Russell F. Van Sickle
Florida Bar No. 967289
BEGGS & LANE LLP
P.O. Box 12950
Pensacola, Florida 32591-2950
850-432-2451 (phone)
850-469-3331 (fax)

Attorney for Plaintiff
TPI Holdings, Inc.

OF COUNSEL:

Judith A. Powell
KILPATRICK STOCKTON LLP
1100 Peachtree Street, Suite 2800
Atlanta, Georgia 30309
Telephone: (404) 815-6500
Facsimile: (404) 815-6555